UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
NORMA BALBUENA,

               Plaintiff,

      - against -

JOHN MATTINGLY, individually and as
Commissioner; H. AURELIA JEMMOTT,
individually and as Reviewer; RAFAEL
ORTIZ, JR., individually and as Borough
Director; VERONICA CHEVRESTT,
individually and as caseworker; CARMEN
DEL VALLE, individually and as
supervisor; EPISCOPAL SOCIAL
SERVICES; ROBERT GUTHEIL,
individually and as director; CARMEN
SANTANA, individually and a supervisor;
LOURDES FALCON, individually and as
caseworker; ZORAIDA NEGRON,
individually and as social worker; CITY
OF NEW YORK; and JOHN JOHNSON, as
Commissioner;

               Defendants.
------------------------------------------------x

A.C. and H.C., by their Next Friend
BARBARA WEINER, individually and on
behalf of all others similarly situated,

               Plaintiffs,

      - against -

JOHN MATTINGLY, in his official
capacity as Commissioner of the New
York City Administration for Children's
Services and JOHN JOHNSON, in his
official capacity as Commissioner of the
New York State Office of Children and
Family Services,

               Defendants.
------------------------------------------------x

05 Civ. 2986 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/06

1

This case concerns a challenge to certain procedures governing the removal of children from foster care. The dual captions above are the result of an earlier determination by the court that the interests of Ms. Balbuena and those of the minor children she purported to represent – A.C. and H.C. – could be in conflict. After making that determination, the court appointed separate counsel to represent the children.

On June 13, 2005, defendant Johnson filed a motion to dismiss the complaint that Ms. Balbuena had filed on March 18. On November 29, however, Ms. Balbuena filed an Amended Complaint which defendant Johnson answered on February 27, 2006. Under these circumstances, Johnson's June 13 motion to dismiss is denied as moot.

On June 17, 2005, A.C. and H.C., by their next friend Barbara Weiner, filed their own complaint against the defendants. On July 15, A.C. and H.C. moved to amend their complaint to make several corrections. On July 18 Johnson filed a motion to dismiss the original complaint. This apparently was prepared before Johnson received the July 15 motion of A.C. and H.C. On July 22 Johnson filed an opposition to the motion to amend the A.C. and H.C. complaint, reiterating his argument that their original complaint should be dismissed, and arguing that the proposed amended complaint does not cure the original complaint's deficiencies.

The proposed amendments to A.C. and H.C.'s complaint are relatively minor and are small in number. The court grants the motion to amend the

2

A.C. and H.C. complaint. Johnson's motion to dismiss will be treated as a motion to dismiss the amended A.C. and H.C. complaint. If Johnson wishes to supplement his papers on the motion to dismiss, he may do so before the other side answers. The parties will work out an appropriate briefing schedule.

## CONCLUSION

Defendant Johnson's motion to dismiss plaintiff Balbuena's original complaint is denied as moot. Plaintiffs A.C. and H.C.'s motion to amend their complaint is granted. Johnson's motion to dismiss the A.C. and H.C. complaint will be deemed to relate to the amended complaint of A.C. and H.C.

SO ORDERED.

Dated:   New York, New York
         March 17, 2005

_____
THOMAS P. GRIESA
U.S.D.J

3